```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

CONNECTICUT HOUSING FINANCE    :
AUTHORITY,                     :
        Plaintiff,             :
                               :
    v.                         :    Civ. No. 3:07cv319(AHN)
                               :
ENO FARMS LIMITED PARTNERSHIP  :
and ENO FARMS COOPERATIVE      :
ASSOCIATION, INC.,             :
        Defendants.            :
```

## RULING ON MOTION FOR ATTORNEYS' FEES

Pending before the court is the motion of the Connecticut Housing Finance Authority ("CHFA") for attorneys' fees [doc. # 37] incurred in connection with its successful motion to remand this foreclosure action to state court. For the reasons given below, the court GRANTS CHFA's motion.

## FACTS AND PROCEDURAL HISTORY

CHFA is a public instrumentality that helps alleviate the shortage of housing for low and moderate-income families in Connecticut by providing financing to developers of affordable housing. CHFA, along with the State of Connecticut and the Department of Housing, provided the financing for one such housing project known as "Eno Farms" (or "the project") located in Simsbury, Connecticut. Eno Farms Limited Partnership ("the Partnership") developed the project and created the Eno Farms Cooperative Association, Inc. ("the Cooperative"), which consists of members who lease units in the project.

CHFA claims that the Partnership defaulted on its

obligations under two mortgages, such as collecting rent payments, certifying tenant incomes for receipt of low-income tax credits, paying property taxes to the Town of Simsbury, and paying for property insurance, because of "rogue" tenants who usurped control over the Cooperative and demanded that residents divert lease payments to the Cooperative, rather than a professional management company.

On February 21, 2007, CHFA filed a foreclosure action in state court against the Partnership and the Cooperative, seeking to foreclose on the first and second mortgages on the property, to obtain an injunction to stabilize control over management of the project, and to appoint a receiver for the collection of lease payments. On March 1, 2007, the Cooperative removed the action to federal court without the consent of the Partnership and then moved to consolidate the removed action with a separate action pending before this court, Eno Farms Coop. Assoc. v. Corp. for Indep. Living, 06-cv-1983 (AHN) (hereinafter "the Eno Farms action"). In the Eno Farms action, the Cooperative and individual tenants of Eno Farms allege that numerous entities and individuals, including CHFA and the Partnership, formed a racketeering enterprise to defraud the tenants of their ownership interest in Eno Farms.

Once the case was removed, CHFA, joined by the Partnership, moved to remand the case to state court, arguing that this court

-2-

lacked jurisdiction because none of the parties were diverse and none of the claims involved a federal question. CHFA also moved on an emergency basis for an injunction to prevent the Cooperative from thwarting a management company from operating Eno Farms and for the appointment of a temporary receiver to collect payments from the tenants.

The court heard oral argument on these outstanding motions on March 16, 2007. CHFA argued that the court could temporarily appoint a receiver even if the court ultimately remanded the action. The Cooperative contested the appointment of a receiver and argued that the court had federal-question jurisdiction and thus removal was proper. The court, however, expressed concern about the source of its jurisdiction and whether it could appoint a receiver, even temporarily, in the absence of subject-matter jurisdiction.

On March 23, 2007, after the parties filed supplemental briefs, the court again heard oral argument and concluded that it did not have jurisdiction and remanded the case without appointing a receiver. The court also invited written submissions from the parties on the issue of whether the court should order the Cooperative to pay CHFA's attorneys' fees for the improper removal as provided by 28 U.S.C. § 1447(c). On April 24, 2007, the court heard the parties' arguments regarding

this issue and took CHFA's motion for attorneys' fees under advisement.

STANDARD

Even though an action has been remanded, a district court can retain jurisdiction for the limited purpose of assessing attorneys' fees and costs associated with remanding an action. See Bryant v. Britt, 420 F.3d 161, 165 (2d Cir. 2005). Section 1447(c) of Title 28 states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Pursuant to this section, a court "may award attorney's fees . . . where the removing party lacked an objectively reasonable basis for seeking removal," and "[c]onversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005). However, § 1447(c) does not require the party seeking attorneys' fees to demonstrate that the removing party acted in bad faith. Morgan Guar. Trust Co. of New York v. Republic of Palau, 971 F.2d 917, 923-24 (2d Cir. 1992). While an award of fees under § 1447(c) is within the district court's discretion, the court must consider "overall fairness given the nature of the case, the circumstances of remand, and the effect on the parties." Id. (quoting Morgan Guar. Trust Co. of New York v. Republic of Palau, 767 F. Supp. 561, 563 (S.D.N.Y. 1991)).

DISCUSSION

I.  Whether Attorneys' Fees Should be Awarded

CHFA argues that there was no objectively reasonable basis for removal because the state-court foreclosure action did not involve a federal question and the parties were not diverse.[1] CHFA also claims that an order of attorneys' fees is warranted because, through removal, the Cooperative attempted to thwart the appointment of a receiver in state court, as evidenced by the fact that it removed the case only days before a scheduled hearing in state court on CHFA's motion to appoint a receiver.

---

[1] CHFA also argues that the Cooperative's removal was objectively unreasonable because the Cooperative did not seek the consent of its codefendant, the Partnership, before removing. While the unanimity rule requires that all defendants must join in the removal for it to be proper, district courts have recognized an exception where "the non-joining defendants are merely nominal or formal parties." Ell v. S.E.T. Landscape Design, Inc., 34 F. Supp. 2d 188, 194 (S.D.N.Y. 1999). "[T]o be recognized as a 'defendant' for practical purposes, a party must be in an adversarial relationship with the plaintiff." Still v. DeBuono, 927 F. Supp. 125, 130 (S.D.N.Y. 1996). Here, it is questionable whether CHFA and the Partnership are adversaries because the Partnership did not oppose the appointment of a receiver and, as CHFA noted, the Partnership was "a necessary party to the action because it is the mortgagor under both mortgages on which CHFA is seeking to foreclose in the state court action." Indeed, the Partnership joined in CHFA's motion for remand, and at the first hearing on the motion to remand and the motion to appoint a receiver, counsel for the Partnership stood at counsel table with CHFA. See, e.g., Norman v. Cuomo, 796 F. Supp. 654, 658 (N.D.N.Y. 1992) ("When one additionally considers that the non-consenting defendants have not taken steps that conflict with plaintiffs' position, however, their nominal status becomes abundantly clear."). Considering these circumstances, it is not clear to the court that the Cooperative's failure to gain the Partnership's consent before removing the case to this court was objectively unreasonable.

-5-

The Cooperative argues that attorneys' fees should not be awarded because it had a reasonable basis for believing that this court had jurisdiction and only removed the case to consolidate it with the pending Eno Farms action, which it believed would promote judicial efficiency. The court is unpersuaded by the Cooperative's claims and finds that an award of attorneys' fees is warranted.

Where a defendant removes a case from state court and alleges federal-question jurisdiction, as the Cooperative did here, the court must employ the well-pleaded complaint rule, which limits the court to an "examination of the allegations in plaintiff's complaint in the underlying action to determine 'whether the substance of those allegations raises a federal question.'" Buffalo Enter. Dev. Corp. v. Elia, 996 F. Supp. 243, 244 (W.D.N.Y. 1997) (citing W. 14th St. Comm. Corp. v. 5 W. 14th Owners Corp., 815 F.2d 188, 193 (2d Cir. 1987)). Here, it was clear from the face of the complaint that CHFA's foreclosure action was grounded entirely in state law, and therefore no federal-question jurisdiction existed.

Nevertheless, the Cooperative argues that federal jurisdiction existed where CHFA should have sought foreclosure as a compulsory counterclaim because it "arise[s] out of the transaction or occurrence that is the subject matter of the" pending Eno Farms action. See Fed. R. Civ. P. 13(a). However,

as the court explained at the March 23rd hearing, "[a]n already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action." In re Estate of Tabas, 879 F. Supp. 464, 467 (E.D. Pa. 1995). While parties can join state-law counterclaims pursuant to Rule 13(a) and the court has supplemental jurisdiction to hear those claims pursuant to 28 U.S.C. § 1367, supplemental jurisdiction under § 1367 does not provide this court with "original jurisdiction" as required for removal under § 1441. See 28 U.S.C. § 1441 (stating that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States") (emphasis added). As explained by Wright & Miller, removal based on the court's supplemental jurisdiction is improper:

> It should be noted that supplemental jurisdiction under Section 1367 of Title 28 is not a source of original subject matter jurisdiction for federal question purposes and thus a removal notice under Section 1441(a) may not base removal subject matter jurisdiction on the supplemental jurisdiction statute. Defendants often will assert that an already pending federal action that has a common nucleus of operative fact with the state action for which removal is sought can satisfy the requirements of Section 1367(a) and thus of Section 1441(b). This is a misreading of the language of Section 1367.

14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3722 (3d ed. 1998) (emphasis

added). Therefore, "the supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action." Tabas, 879 F. Supp. at 467; Buffalo Enter. Dev. Corp., 996 F. Supp. at 244 (holding that "the fact that the defendants have now filed a civil rights action in federal court asserting claims arising from the same transactions involved in the state court foreclosure action . . . and have moved to consolidate that action with this one . . . , does not affect this court's determination of the plaintiffs motion for remand"); see Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) (holding that "a counterclaim - which appears as part of the defendant's answer, not as part of the plaintiff's complaint - cannot serve as the basis for 'arising under' jurisdiction"); Aetna Health, Inc. v. Kirshner, 415 F. Supp. 2d 109, 113 (D. Conn. 2006) (stating that the reasoning of Holmes applies "whether the case is originally brought in federal district court or removed pursuant to § 1441"). For these reasons, the Cooperative's asserted basis for removal

jurisdiction was not objectively reasonable.[2]

Alternatively, the Cooperative argues that this court had federal-question jurisdiction – and therefore its removal was objectively reasonable – because resolution of the state-court claims depended "upon the construction or application of [federal law]." Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005). The Cooperative, however, misconstrues the reach of this "longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction." Id. at 312. Under this doctrine, a court may have "arising under" jurisdiction if "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314. For example, in Smith v. Kansas City Title & Trust Co., 255 U.S. 180 (1921), the Supreme Court found that federal

---

[2] Through removal, the Cooperative apparently sought to compel CHFA to bring the state-court foreclosure action as a compulsory counterclaim in the Eno Farms action, but the law is clear that the court cannot provide such relief under § 1441. Further, the court could not provide such relief by other means. See 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1418 (2d ed. 1990) ("Clearly the language of Rule 13(a) cannot be construed as empowering the federal court to restrain state court proceedings.").

jurisdiction existed where a shareholder brought suit "claiming that the defendant corporation could not lawfully buy certain bonds of the National Government because their issuance was unconstitutional." Id. at 312. Federal-question jurisdiction existed because "the principal issue in the case was the federal constitutionality of the bond issue." Id. This type of jurisdiction was not present here, however, because none of the issues in CHFA's state-court complaint required the resolution of any federal issue; rather they concerned whether CHFA had a right to foreclose on two mortgages allegedly in default, an issue that falls squarely under state law. See In re Garnett, 303 B.R. 274, 279 (Bankr. E.D.N.Y. 2003).

Indeed, the Cooperative eschews any argument that, like Smith or Grable & Sons, the adjudication of CHFA's state-court action required the resolution of an issue of federal law and instead reasons that CHFA's state-law action "arose under" federal law because the action implicated federal questions raised in the related Eno Farms action pending before this court. However, none of the case law cited by the Cooperative justifies such an expansive view of "arising under" jurisdiction; nor is the court aware of any case law supporting this argument. Thus, the court refuses to find that this type of "arising under" jurisdiction provided a reasonable basis for the Cooperative's removal.

Therefore, because the removed action clearly lacked any federal question and none of the bases given by the Cooperative for removal had any basis in law, the court finds that the Cooperative's removal of CHFA's state-court action was objectively unreasonable.

Accordingly, an award of attorneys' fees is appropriate.

II.  Calculation of Attorneys' Fees Award

CHFA requests $22,616.00 in attorneys' fees.  In support of this request, counsel for CHFA has submitted a three-page affidavit and six pages of contemporaneous billing records, which list the attorneys' time entries on this matter, including their rates, the hours billed, and the work done.  The Cooperative contests a large portion of the fees on the ground that the work relates to non-remand issues, that is, CHFA's emergency motion to appoint a receiver and CHFA's motion to quash a subpoena issued by the Cooperative for evidence relating to CHFA's motion to appoint a receiver.  The Cooperative argues that it should not be required to pay attorneys' fees for work related to these issues, which CHFA created by advancing two inconsistent legal theories – that, on the one hand, this court should remand the state-court action because it lacked jurisdiction and that, on the other hand, the court could appoint a receiver.  The court agrees.

CHFA argued that because receivership is an "ancillary" remedy, the court did not require subject-matter jurisdiction

over the parties before it could order a temporary receiver, but this argument was unsupported by any case law. Without jurisdiction, the court has no power over the parties, see, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005), and thus the lack of subject-matter jurisdiction would have rendered a receivership order void, see, e.g., Mitchell v. Maurer, 293 U.S. 237, 242-43 (1934). As with any order of the court, an order appointing a receiver is a remedy for which the court requires subject-matter jurisdiction:

> The subject-matter jurisdiction of a federal court in an action in which the appointment of a receiver is sought must rest, as in any other civil suit, upon the existence of general federal question or diversity . . . jurisdiction or some other specific statutory jurisdictional base. When the federal court is without jurisdiction over the action, the receivership necessarily is improper; the appointment of the receiver is a nullity and the receiver has no power to act.

12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2985 (2d ed. 1997). Subject-matter jurisdiction, therefore, is a prerequisite to the appointment of a receiver. See, e.g., Mitchell, 293 U.S. at 242-43 (1934) (refusing to address the parties' arguments about the appropriateness of a receiver order by the district court because the district court lacked subject-matter jurisdiction over the case); Fahey v. Calverley, 208 F.2d 197, 200 (9th Cir. 1954) (holding that "where as here the District Court is determined to

be without jurisdiction, the receivership must necessarily fall"); Waag v. Hamm, 10 F. Supp. 2d 1191, 1193 (D. Colo. 1998) ("A federal court may appoint a receiver only if it has subject matter jurisdiction over the underlying action."). Therefore, because there was no authority to support CHFA's emergency motion to appoint a receiver and because that motion conflicted legally with its motion to remand, the court will only award those attorneys' fees associated with moving the court to remand the state-court action and opposing the Cooperative's closely associated motion to consolidate the state-court action with the Eno Farms action.

CHFA's billing records, however, make this determination difficult because they either lump together the work for various motions or fail to elucidate the nature of the work performed. At oral argument, the court and the parties reviewed the records, item by item, to determine which fees related to the motions to remand and to consolidate, as opposed to other issues. Based on the representations of counsel for CHFA, the court finds that CHFA incurred a total of $6,622 in fees in moving to remand the case and oppose the Cooperative's motion to consolidate: $2,822 for Attorney Joshua A. Hawks-Ladds's work;[3] and $3,800 for

---

[3] This total includes the following billing entries: $136 representing 0.4 hours billed on March 1, 2007; $612 representing 1.8 hours billed on March 5, 2007; $238 representing 0.7 hours billed on March 6, 2007; $272 representing 0.8 hours billed on March 6, 2007; $646 representing 1.9 hours billed on March 7,

-13-

Attorney Ericka R. Lenz's work.[4]  The remaining entries submitted by counsel for CHFA will not be taxed against the Cooperative either because they represented fees incurred by CHFA for work that was associated with CHFA's legally unsupported efforts to appoint a receiver pending remand or because the entries were too vague for the court to determine if they represented work associated with the motions to remand and consolidate.[5]

As to the fees charged by counsel for CHFA for the work related to the motion to remand and the opposition to the motion for consolidation, the Cooperative has made no objection to

---

2007; and $102 representing 0.3 hours billed on March 19, 2007. This total also includes half of the following billing entries, which involved both receivership and remand issues: $34 representing half of the 0.2 hours billed, or 0.1 hours, on March 12, 2007; and $782 representing half of the 4.6 hours billed, or 2.3 hours, on March 23, 2007.

[4] This total includes the following billing entries: $2,375 representing 12.5 hours billed on March 4, 2007; $266 representing 1.4 hours billed on March 5, 2007; $494 representing 2.6 hours billed on March 6, 2007; and $665 representing 3.5 hours billed on March 7, 2007.

[5] In particular, the court declines to award any fees for the March 23 and 26 billing entries by Attorney Edward P. McCreery because those entries, which include descriptions of work related to both remand and receivership issues, make it impossible for the court to parse out the time Attorney McCreery spent on the remand issues.  Attorney McCreery was not present at the hearing on the motion for attorneys' fees to clarify these entries, and he has not submitted an affidavit describing his work.  Moreover, based on the fact that Attorney McCreery's work overwhelmingly related to receivership issues, the court reasonably assumes that his work on the remand issues was either duplicative of Attorney Hawks-Ladds's work or unnecessary.  For these reasons, the court will not award any fees for work done by Attorney McCreery.

either the rates billed or the hours worked.  Nevertheless, the court must still determine whether $6,622 represents a "presumptively reasonable fee."  Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 484 F.3d 162, 169 (2d Cir. 2007).  In making this determination, the court must examine whether the hourly rate and hours billed for each attorney were reasonable, in light of such factors as the level of skill required to perform the legal services, the time limitations imposed by the client or the circumstances, and the experience, reputation and ability of the attorneys.  Id. at 166 n.1 (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).

Based on the court's experience with the legal market in Connecticut, including the reputation and experience of CHFA's firm, Pullman & Comley, LLC, and the affidavit submitted by counsel for CHFA, the court finds that both the hours and rates charged in resolving the remand issues were reasonable. Specifically, Attorney Hawks-Ladds, who is a member of the firm and has over fifteen-years experience, charged a rate of $350 per hour.  This rate is in accord with the rates in this district for attorneys with comparable experience, ability, and resources. See, e.g., Cooper v. Ellis Crosby & Assocs., Inc., No. 3:05CV1467(MRK), 2007 WL 1322380, at *3 (D. Conn. May 2, 2007) (finding that a rate of $350 per hour was reasonable "in 2007

based on the Court's review of fee awards to counsel with similar experience and based on the Court's familiarity with prevailing rates in Connecticut"); Galazo v. Pieksza, No. 4:01-CV-01589(TPS), 2006 WL 141652, at *3 (D. Conn. Jan. 19, 2006) (finding a rate of $350 per hour reasonable for an experienced attorney); Shorter v. Hartford Fin. Svcs. Grp., Inc., 3:03CV0149(WIG), 2005 WL 2234507, at *10 (D. Conn. May 31, 2005) (finding a rate of $300 per hour reasonable for an attorney with thirteen-years of experience); Sony Electronics, Inc. v. Soundview Tech., 389 F. Supp. 2d 443, 448 (D. Conn. 2005) (finding a rate of $400 per hour reasonable in a complex trademark litigation); see also Stuart v. Stuart, No. X08 CV 020193031, 2005 WL 590433, at *5 (Conn. Super. Feb.10, 2005) (finding that $350 per hour for an experienced trial lawyer was "reasonable and in line with prevailing market rates in this area"). Similarly, the hourly rate of $190 charged by Attorney Lenz, who is an associate at the firm and who has more than two-years experience, is reasonable and in accord with the rates charged in this district. See, e.g., Galazo, 2006 WL 141652, at *3 (finding a rate of $250 per hour reasonable for an associate); McInnis v. Town of Weston, 458 F. Supp. 2d 7, 20 (D. Conn. 2006) (finding a rate of $200 per hour reasonable for an associate). Even though Attorney Hawks-Ladds's rate approaches the upper limit of what is typically awarded by courts in this district,

-16-

the Cooperative has failed to provide the court with any reasons why a financier, such as CHFA, would not be willing to pay such a rate in order to resolve the remand issue on an expedited basis, which was necessary in this case to avoid further waste of the property.

Further, the court finds that counsel for CHFA billed a reasonable number of hours to address the remand issues. Specifically, Attorney Hawks-Ladds billed 8.3 hours and Attorney Lenz billed 20.0 hours. These hours were reasonable considering the fact that the Cooperative initially presented a cryptic, shifting argument for removal jurisdiction, which necessitated multiple briefs and hearings. Moreover, counsel for CHFA staffed the matter efficiently and minimized the total fees by arranging for Attorney Lenz, who had the lowest hourly rate, to undertake most of the work.

For these reasons, the court finds that $6,622 incurred as a result of the Cooperative's improper removal is a presumptively reasonable fee.

## CONCLUSION

For the foregoing reasons, CHFA's motion for attorneys' fees [doc. # 37] is **GRANTED** and pursuant to 28 U.S.C. § 1447(c), the court orders the Cooperative to pay CHFA **$6,622** in attorneys'

fees.[6]

SO ORDERED this 6th day of June, 2007 at Bridgeport, Connecticut.

/s/
Alan H. Nevas
United States District Judge

---

[6] To the extent that CHFA's motion to remand [doc. # 6] also moved for attorneys' fees, that motion is moot in light of the ruling herein. Further, to the extent that the Partnership moved for attorneys' fees by joining CHFA's motion to remand [doc. # 14], the court denies that motion because counsel for the Partnership did not file a submission specifically requesting attorneys' fees following the remand of this action to state court.